IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-CR-473 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| RICHARD WOODARD, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

Currently before the Court is Defendant Richard Woodard's ("Woodard" or "Defendant") Motion to Suppress Evidence Based on Illegal Arrest, Unconstitutional Search, and Insufficient Corroboration filed on January 3, 2025 ("Defendant's Motion"). (Doc. No. 104.)  On January 10, 2025, the United States of America filed the Government's Response in Opposition to Defendant's Motion ("the Government's Response"). (Doc. No. 105.)  On January 22, 2025, Woodard filed a Reply to the Government's Response ("Defendant's Reply"). (Doc. No. 106.)  Defendant's Motion is now ripe for a decision.  For the reasons set forth below, Defendant's Motion is DENIED.

I. **Relevant Procedural History**

On February 18, 2021, a federal grand jury returned a superseding indictment charging Woodard with: Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 1); Distribution of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2); Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 3); Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 4); Possessing a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 5); and Distribution of Fentanyl in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(C) (Count 6). (Doc. No. 34.)  These charges stem from the August 7, 2020 search of Woodard's apartment/residence located at 2201 West 93rd Street, Unit #154 in Cleveland, Ohio and his 2010 Mercedes SUV, pursuant to search warrants authorized by Judge David Matia of the Cuyahoga County Court of Common Pleas.

On February 4, 2024, Woodard, through counsel, filed a motion to suppress the evidence seized from his residence at 2201 West. 93rd Street, Apartment 154, in Cleveland, Ohio ("Defendant's First Motion to Suppress").  (Doc. No. 83.).  On April 3, 2024, the Court conducted a hearing on Defendant's First Motion to Suppress, that included testimony from Cleveland Police Detectives John Graves and Carl Robinson and nine exhibits offered by the Government. On April 10, 2024, the Court issued a Memorandum Opinion and Order ("the Opinion") that set forth the facts adduced at the hearing, and the "Factual Background" set forth at pages 2 through 4 of the Opinion is incorporated by reference as though fully rewritten herein.  (Doc. No. 87, PageID #s 440-442.). The Court denied Defendant's First Motion to Suppress finding that:  1.) Defendant was read his *Miranda* rights; and 2.) although the "exigent circumstances" exception to the presumptively unreasonable warrantless search of Woodard's apartment did not apply, the warrant affidavit contained sufficient probable cause to search Woodard's apartment.

Defendant's Motion sets forth the following bases upon which Woodard seeks to suppress evidence.  First, Woodard argues that his Fourth Amendment rights were violated because he was arrested without a search warrant and without probable cause, and the officers based their arrest on an unreliable anonymous tip that had no corroborating evidence, there was no surveillance footage to corroborate any illegal activity, the witnesses/officers' testimonies are unreliable, the victim's family's identification of him as the person who provided the controlled substances that caused the

victim's death is unverified and uncorroborated, and the failure to document officer involvement constitutes a violation of due process. Therefore, according to Woodard, any evidence obtained after his arrest must be suppressed.

The Government counters this argument by correctly citing case law for the proposition that a police officer may make an arrest without a warrant and upon probable cause and that the totality of the circumstances demonstrates that officers had probable cause to arrest Woodard without a warrant. (Doc. No. 105, PageID #s 650-654.) The Court agrees with the Government. The evidence adduced during the April 3, 2024 hearing on Defendant's First Motion to Suppress and the case law cited by the Government demonstrates that under the totality of the circumstances, officers had probable cause to arrest Woodard without a warrant.

Second, Woodard argues that the search of his truck on private property was without a warrant or his consent and therefore, violated his Fourth Amendment rights. However, officers searched Woodard's Mercedes pursuant to a lawful search warrant and therefore, the drugs and other evidence found in it are admissible. Indeed, the affidavit submitted in support of the search warrant provided sufficient probable cause to issue the warrant. The Government's recitation of the averments in the affidavit are correct and the arguments in support of this conclusion are well-taken. (Doc. No. 105, PageID #s 654-656.)

Finally, Woodard argues that the search of his apartment occurred without a valid warrant, and the absence of a warrant without exigent circumstances render the search unconstitutional. However, this Court has already determined that the warrant affidavit contained sufficient probable cause to search Woodard's apartment. (Doc. No. 87, PageID # 451.)

The remaining assertions and/or arguments set forth in Defendant's Motion and reiterated in Defendant's Reply do not warrant suppression of the evidence. Contrary to Woodard's argument, the Task Force Officer who authored the criminal complaint was authorized to sign a criminal complaint for Woodard's arrest. And the arguments that the officers did not properly identify Woodard as a suspect in the overdose investigation, and that the officers who were involved in the surveillance of him when he conducted the hand-to-hand drug transaction were not identified, making the reports and arrest unreliable do not support suppression of the evidence, but instead go to the weight of the evidence.

Although the Government understandably interpreted Defendant's Motion to include a request that the charges be dismissed,[1] in Defendant's Reply, Woodard asserts that "Mr. Woodard is not seeking to dismiss the indictment but merely suppress the illegal evidence," and therefore, "section (D) of the government's motion is MOOT." (Doc. No. 106, PageID # 663.) Therefore, the Court will not interpret Defendant's Motion as seeking dismissal of the indictment or charges set forth therein, but only suppression of the evidence.

However, for the reasons set forth above, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

  s/Pamela A. Barker
PAMELA A. BARKER
Date: January 23, 2025                                  U. S. DISTRICT JUDGE

4

---

[1] In the first paragraph of Defendant's Motion, Woodard writes "**NOW COMES** the Defendant, Richard Woodard, acting pro se, who respectfully moves this Honorable Court to suppress evidence *and dismiss charges* based on the following grounds." (Emphasis added by italics. Doc. No. 104, PageID # 612.)