IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-CR-473 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| RICHARD WOODARD, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

Currently before the Court are two Motions to Dismiss filed by Defendant Richard Woodard ("Defendant" or "Woodard") on February 3, 2025:  Motion to Dismiss Superseding Indictment Counts 1, 2, 3, 6 and 7 on the grounds of Legal Standard Applicable, Sufficiency of Evidence, Legal Impossibility, Manifest Miscarriage of Justice ("Defendant's First Motion") (Doc. No. 109); and Motion to Dismiss the Superseding Indictment Counts 4, 5 on Grounds of Insufficient Evidence for a Gun Charge under 922(g)(1) and 924(c)(1)(A)(i) ("Defendant's Second Motion") (Doc. No. 110). On February 10, 2025, the United States of America filed the Government's Response in Opposition to Defendant's Motions ("the Government's Response").  (Doc. No. 114.)  On February 18, 2025, Defendant filed a Response to Government Motion Doc. # 114 ("Defendant's Reply").  (Doc. No. 115.)

The factual background of this case has been set forth in the Memorandum Opinion and Order issued on April 10, 2024 and will not be restated herein.[1]  The Government rightly asserts that Woodard's arguments set forth in Defendant's First Motion actually relate only to Count 6, i.e., the

---

[1] (Doc. No. 87, PageID #s 440-442.)

allegation that he distributed drugs resulting in death, and that he challenges the sufficiency or weight of the evidence associated therewith, and not the validity of the charges. Therefore, this Court cannot and will not evaluate the evidence upon which the indictment is based. *See United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). Accordingly, Defendant's First Motion is DENIED.

As to Defendant's Second Motion in which he requests dismissal of the firearms counts of the Superseding Indictment, i.e., Counts 4 (the § 922(g)(1) count) and 5 (the § 924(c) count). Woodard argues that there is no evidence that he possessed a gun when he distributed drugs and that there is no evidence of interstate commerce. The Government represents that it has provided an interstate nexus examination report in discovery, supporting that the firearms that Woodard possessed were manufactured outside the State of Ohio and traveled in and affected interstate commerce; and responds that Count 5 relates to Woodard possessing a firearm in connection with the fentanyl he possessed with intent to distribute in his apartment as alleged in Count 3, not in connection with the fentanyl sale he made that same day. And, most importantly, the Government correctly argues, and this Court finds, that Woodard's arguments as to these counts set forth in Defendant's Second Motion are ones he must raised at trial and are not proper grounds for dismissing the Superseding Indictment. *See Landham*, 251 F.3d at 1080. Accordingly, Defendant's Second Motion is DENIED.

**IT IS SO ORDERED.**

Date: February 19, 2025

 *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE